# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA BUREAU OF CRIMINAL APPREHENSION & HENNEPIN COUNTY ATTORNEY'S OFFICE, <br><br> Plaintiffs, <br><br> **v.** <br><br> KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; JOHN CONDON, *in his official capacity as Acting Executive Associate Director of Homeland Security Investigations*; U.S. Department of Homeland Security; TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; MARCOS CHARLES, *in his official capacity as Acting Executive Associate Director, Enforcement and Removal Operations*; U.S. Immigration and Customs Enforcement; RODNEY SCOTT, *in his official capacity as Commissioner of U.S. Customs and Border Protection*; U.S. Customs and Border Protection; GREGORY BOVINO, *in his official capacity as Commander of the U.S. Border Patrol*; U.S. Border Patrol; DAVID EASTERWOOD, *in his official capacity as Acting Director, Saint Paul Field Office, U.S Immigration and Customs Enforcement*; PAMELA BONDI, *in her official capacity as Attorney General of the United States*; KASHYAP PATEL, *in his official capacity as Director of the Federal Bureau of Investigation*. <br><br> *Defendants.* | Case No. _____ <br><br><br> **COMPLAINT** |

1.     Plaintiffs the Minnesota Bureau of Criminal Apprehension (BCA) and Hennepin County Attorney's Office (HCAO) bring this case for declaratory and injunctive relief to vindicate their right to access evidence related to a fatal shooting by federal

officers, which took place on a public street in Minneapolis on January 24, 2025. Defendants' apparent determination to deny State and local law enforcement access to relevant evidence is contrary to core principles of federalism embodied in the U.S. Constitution and poses an unreasonable interference with Plaintiffs' ability to carry out their sovereign right and responsibility to investigate possible violations of state law with the State's borders.

2.      On the morning of January 24, 2026, federal officers shot and killed a man in the area of 26th Street East and Nicollet Avenue in Minneapolis. Those officers were present in the area as part of an unprecedented deployment of federal immigration enforcement agents from numerous agencies of Defendant U.S. Department of Homeland Security (DHS) to the State of Minnesota, including into the cities of Minneapolis and St. Paul, known as Operation Metro Surge. From initial reports, it appears a victim may have been in the process of being restrained by multiple federal officers at the time of the fatal shooting.

3.      As is typical of an officer-involved shooting involving a federal officer, BCA personnel headed to the scene to investigate the incident. Preliminary investigatory measures include: establishing a perimeter; preserving the scene; taking photographs and measurements; identifying those involved and witnesses; taking statements; and collecting physical evidence.

4.      But federal personnel purported to order Minnesota law enforcement to leave, denying them immediate access to critical evidence necessary to investigate crimes under state law.

5.     According to reports, federal personnel apparently seized cell phones and detained witnesses.  It is unclear whether federal personnel otherwise processed the scene—let alone how carefully.

6.     Then just a few hours after the shooting, federal personnel left, allowing the perimeter to collapse and potentially spoiling evidence.

7.     Contrary to long-standing procedures and accepted norms of state and federal cooperation, it appears federal authorities have taken exclusive possession of evidence from the scene.  Unfortunately, based on the government's refusal to allow BCA to participate in this and another similar investigation, there is every reason to believe that Defendants will continue to deny Plaintiffs access to that evidence absent this Court's intervention.

8.     As a matter of basic federalism, the State of Minnesota, through BCA, has a core sovereign interest in investigating and enforcing its own criminal laws.  State law enforcement agencies have both a right and responsibility to assist in that endeavor, in the interests of protecting the citizens of Minnesota and everyone present within its borders. Defendants' actions to abruptly leave the scene, apparently with critical evidence, in order to deprive Plaintiffs of access violated core principles of federalism and the Tenth Amendment, which this lawsuit seeks to vindicate.

9.     This is also not the first occasion on which federal officers have committed a fatal shooting within the State's borders during their recent unprecedented show of force.  Nor is it the first time Defendants have willfully interfered with the ability of the State and its subdivisions to investigate such a fatal shooting.

-3-

10.     On January 7, 2026, 37-year-old citizen Renee Good was shot and killed in her car by a federal agent in Minneapolis, Minnesota. Video footage capturing the events surrounding the killing have been widely publicized by the media.

11.     On January 8, 2026, the federal government revoked Plaintiff BCA's access to evidence of the shooting, reversing an earlier agreement that a joint investigation would be undertaken and that the two sovereigns would share information.

12.     According to public reporting, multiple officials at the DOJ resigned due in part to the federal government's failure to follow protocol by refusing to investigate the federal agent involved in the killing and instead pushing to investigate the victim's family and Minnesota officials who opposed DHS's actions in the state.[1] The officials who resigned included an FBI agent who was pressured not to conduct an investigation into the officer's use of deadly force, despite such an inquiry being routine in officer-involved killings.[2]

13.     Despite the lack of any apparent federal investigation into the federal officer's actions, multiple high-level federal officials have declared the federal officer's actions justified.[3]

14.     State and local law enforcement continue to investigate the fatal shooting of Good despite the federal authorities' ongoing failure to cooperate.

---

[1] *See* https://www.startribune.com/justice-department-says-it-has-no-plans-to-investigate-ice-agent-who-killed-renee-good-and-confirms-walz-frey-probe/601566499

[2] *See* https://www.nytimes.com/2026/01/23/us/politics/fbi-agent-ice-shooting-renee-good.html

[3] *See* https://www.nytimes.com/2026/01/08/us/politics/trump-minnesota-ice-shooting-video.html

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this Complaint under 28 U.S.C. §§ 1331.

16.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1). Defendants are United States agencies or officers sued in their official capacities. Plaintiffs are governments within this judicial district, and a substantial part of the events or omissions giving rise to this Complaint occurred within this district.

## PARTIES

17.    Plaintiff Minnesota Bureau of Criminal Apprehension is an agency of the State of Minnesota responsible for assisting state and local criminal justice authorities in investigating crimes through forensic analysis and other services.

18.    Plaintiff Hennepin County Attorney's Office is the prosecuting authority for all felony offenses that occur within Hennepin County, has the power to convene and present to the grand jury, and the authority to request the issuance of subpoenas to secure witnesses and evidence for criminal proceedings.

19.    Defendant Kristi Noem is Secretary of the Department of Homeland Security and is charged with the supervision and management of all decisions and actions of that agency.

20.    Defendant John Condon is the Acting Executive Associate Director of Homeland Security Investigations (HSI), an agency within the Department of Homeland Security.

21.    Defendant U.S. Department of Homeland Security is a cabinet agency within the executive branch of the United States government.

22.    Defendant Todd M. Lyons is the Acting Director and the senior official currently performing the duties of the Director of the United States Immigration and Customs Enforcement agency (ICE).

23.    Defendant U.S. Immigration and Customs Enforcement is an agency of DHS. Its stated purpose is to "[p]rotect America through criminal investigations and enforcing immigration laws to preserve national security and public safety."

24.    Defendant Marcos Charles is Acting Executive Associate Director of Enforcement and Removal Operations within ICE.

25.    Defendant Rodney Scott is the Commissioner of the U.S. Customs and Border Protection ("CBP").  CBP is an agency within DHS. Its stated mission is to "[p]rotect the American people, safeguard our borders, and enhance the nation's economic prosperity."

26.    Defendant U.S. Customs and Border Protection is an agency of DHS.

27.    Defendant Gregory Bovino is the "Chief Patrol Agent" of CBP's El Centro Sector. Defendant Noem has named Defendant Bovino "Commander-at-Large."

28.    Defendant U.S. Border Patrol is a federal law enforcement agency under the U.S. Customs and Border Protection.

29.    Defendant David Easterwood is the Saint Paul Field Office Acting Director of Enforcement and Removal Operations for ICE.

30.    The Saint Paul Field Office is responsible for ICE activities in Minnesota, Iowa, Nebraska, North Dakota, and South Dakota.

31.    Defendant Pamela Bondi is the Attorney General of the United States.

32.    Defendant Kashyap Patel is Director of the Federal Bureau of Investigation.

33.    Each individual Defendant is sued in their official capacity

## CAUSES OF ACTION

### COUNT I

**Tenth Amendment of the U.S. Constitution and Principles of Federalism**

34.    Plaintiffs reallege and incorporate by reference the foregoing allegations as fully set forth herein.

35.    Federal courts possess the power in equity to "grant injunctive relief . . . with respect to violations of federal law by federal officials." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-327 (2015).

36.    The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." *See Printz v. United States*, 521 U.S. 898, 935 (1997).

37.    Under our system of federalism, policing and crime control remain one of the most basic rights reserved to the States and their municipalities. "Indeed, we can think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims." *United States v. Morrison*, 529 U.S. 598, 618 (2000). "[T]he power to establish the ordinary regulations of police has been left with the individual States and cannot be assumed by the national government." *Patterson v. Kentucky*, 97 U.S. 501, 503 (1878).

38.    Local control of law enforcement is essential to the protection of liberty and government accountability. "Because the police power is controlled by 50 different States instead of one national sovereign, the facets of governing that touch on citizens' daily lives are normally administered by smaller governments closer to the governed. The Framers thus ensured that powers which 'in the ordinary course of affairs, concern the lives, liberties, and properties of the people' were held by governments more local and more accountable than a distant federal bureaucracy." *NFIB v. Sebelius*, 567 U.S. 519, 536 (2012) (quoting The Federalist No. 45, at 293 (J. Madison)).

39.    Defendants' initial attempt to bar BCA access to the scene of the shooting and their taking into custody of evidence before Plaintiffs could gain any access to it, violated Plaintiffs' core sovereign interests in investigating and enforcing state criminal law.

40.    The fact that federal authorities attempted to bar BCA—and then let the scene collapse—directly threatened the availability, to Plaintiffs, of evidence needed in a criminal investigation.

41.    The actions of federal authorities to date indicate Defendants will continue to withhold, destroy, alter, or conceal (or allowed to be withheld, destroyed, altered, or concealed) evidence, if not restrained from doing so.

## COUNT II
### Claim for Non-Statutory Review
### *(*Unconstitutional Conduct)

42.    Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs.

43.     Plaintiffs have a non-statutory right of action in equity to enjoin and declare unlawful official action that is unconstitutional.

44.     As described above, Defendants' actions violated the Tenth Amendment and core principles of federalism enshrined in the U.S. Constitution, which constrain Defendants actions.

**COUNT III**
**5 U.S.C. § 706(2)**
**Arbitrary and Capricious, Not in Accordance with Law, & Contrary to**
**Constitutional Right, Power, Privilege, or Immunity**

45.     Plaintiffs reallege and incorporate by reference the foregoing allegations as fully set forth herein.

46.     DHS, ICE, CBP, and U.S. Border Patrol are federal agencies subject to the requirements of the APA, 5 U.S.C. § 701(b)(1).

47.     The APA provides a cause of action in federal district court for any person aggrieved by final agency action. See 5 U.S.C. §§ 702-704. The ongoing denial of access evidence constitutes final agency action that is reviewable by this Court.

48.     The APA requires a reviewing court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," that is "contrary to constitutional right, power, privilege, or immunity," that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or that is "without observance of procedure required by law." *Id.* § 706(2).

49. Defendants' ongoing denial of Plaintiffs' access to relevant evidence is arbitrary and capricious, not in accordance with the law, and contrary to constitutional right, power, privilege, and immunity.

**<u>COUNT IV</u>**
**5 U.S.C. § 706(1)**
**Unlawfully Withheld and Unreasonably Delayed Agency Action**

50. Plaintiffs reallege and incorporate by reference the foregoing allegations as fully set forth herein.

51. By refusing to provide Plaintiffs with access to evidence related to the shooting, which is urgently needed for Plaintiffs to discharge their duties and carry our core state police powers, Defendants have unlawfully withheld and unreasonably delayed agency action, in violation of the APA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask that the Court grant the following relief:

a) Declare that Defendants' ongoing denial of Plaintiffs' access to evidence relevant to the fatal shooting on January 24, 2026, is unconstitutional and unlawful;

b) Preliminarily and permanently enjoin Defendants from destroying, altering, or concealing any such evidence;

c) Preliminarily and permanently enjoin Defendants from continuing to deny Plaintiffs access to any such evidence;

d) Award the Plaintiffs their costs and reasonable attorneys' fees; and

e) Order such other and further relief as this Court deems just and appropriate.

Dated: January 24, 2026

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

/s/ **Pete Farrell**
PETER J. FARRELL (#0393071)
Deputy Solicitor General
JOSEPH RICHIE (#0400615)
Special Counsel

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2131
(651) 757-1010 (Voice)
Peter.Farrell@ag.state.mn.us
Joseph.Richie@ag.state.mn.us

*Attorneys for Plaintiff Minnesota Bureau of
Criminal Apprehension*

MARY F. MORIARTY
Hennepin County Attorney

s/ **Clare A. Diegel**
Clare A. Diegel (#400758)
HENNEPIN COUNTY ATTORNEY'S
OFFICE
300 S. 6th St.
Minneapolis, MN 55487
(612) 348-5550
clare.diegel@hennepin.us