UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA BUREAU OF CRIMINAL APPREHENSION & HENNEPIN COUNTY ATTORNEY'S OFFICE<br><br>    Plaintiffs,<br><br> v.<br><br>KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; JOHN CONDON*, in his official capacity as Acting Executive Associate Director of Homeland Security Investigations*; U.S. Department of Homeland Security; TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; MARCOS CHARLES, *in his official capacity as Acting Executive Associate Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement*; RODNEY SCOTT, *in his official capacity as Commissioner of U.S. Customs and Border Protection*; U.S. Customs and Border Protection; GREGORY BOVINO, *in his official capacity as Commander of the U.S. Border Patrol*; U.S. Border Patrol; DAVID EASTERWOOD, *in his official capacity as Acting Director, Saint Paul Field Office, U.S Immigration and Customs Enforcement*; U.S. Immigration and Customs Enforcement; PAMELA BONDI, *in her official capacity as Attorney General of the United States*; KASHYAP PATEL, *in his official capacity as Director of the Federal Bureau of Investigation*.<br><br>    Defendants. | **Case No.** _____ |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs the Minnesota Bureau of Criminal Apprehension (BCA) and the Hennepin County Attorney's Office (HCAO) respectfully move, pursuant to Federal Rule of Civil Procedure 65 and District of Minnesota Local Rule 7.1(d), for a Temporary

-1-

Restraining Order ("TRO") on an emergency basis to enjoin Defendants from destroying or failing to preserve evidence related to a fatal shooting in Minneapolis involving federal officers from the U.S. Department of Homeland Security (DHS) that took place on January 24, 2026, near the intersection of 26th Street and Nicollet Avenue. This includes evidence that Defendants and those acting at their direction and under their authority took from the scene of the shooting, thereby preventing the BCA from inspecting it.

Plaintiffs have a sovereign interest in exercising their police powers and in investigating potential violations of Minnesota's criminal laws. This interest is safeguarded by the U.S. Constitution, including the Tenth Amendment and long-standing principles of federalism. Defendants' hasty removal of evidence from the scene of the DHS-involved shooting, contrary to ordinary protocols and the State's sovereign right of parallel access to that evidence, violates that sovereign interest of the State and creates an unacceptable risk that the evidence will be permanently destroyed or altered before Plaintiffs are able to litigate their right to access that evidence. Unless immediate relief is granted to enjoin Defendants from destroying or altering evidence related to the shooting and/or taken from the scene, Plaintiffs will suffer irreparable harm to their ability to investigate and enforce state criminal laws and protect the people of Minnesota.

As set forth in detail in the accompanying Memorandum of Law, Plaintiffs are entitled to emergency relief because (i) they are likely to succeed on their claim under the U.S. Constitution; (ii) they will suffer irreparable harm without a TRO; and (iii) the interests of the public and the balance of the equities weigh heavily in favor a TRO preventing the federal Defendants from destroying evidence related to the fatal shooting.

WHEREFORE, Plaintiffs respectfully request that the Court immediately enter a TRO to enjoin Defendants, together with their employees, agents, and anyone acting in concert with them, from destroying or altering any and all evidence related to the fatal DHS-involved shooting on January 24, 2026, including but not limited to any evidence (or potential evidence) taken from the scene of the shooting and any evidence (or potential evidence) that Defendants are holding in exclusive federal custody.

A proposed Temporary Restraining Order is being submitted with this motion. In addition, Plaintiffs have notified the U.S. Attorney's Office for the District of Minnesota via email that they are filing this motion, and they have asked the Civil Division Chief to confirm receipt of that email and to advise who will be representing the Federal Defendants as soon as possible.

Dated: January 24, 2026

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

/s/ **Pete Farrell**
PETER J. FARRELL (#0393071)
Deputy Solicitor General
JOSEPH RICHIE (##400615)
Special Counsel

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2131
(651) 757-1010 (Voice)
Peter.Farrell@ag.state.mn.us
Joseph.Richie@ag.state.mn.us

*Attorneys for Plaintiff Minnesota Bureau of Criminal Apprehension*

MARY F. MORIARTY
Hennepin County Attorney

<u>/s/ **Clare A. Diegel**</u>
Clare A. Diegel (#400758)
HENNEPIN COUNTY ATTORNEY'S OFFICE
300 S. 6th St.
Minneapolis, MN 55487
(612) 348-5550
clare.diegel@hennepin.us

*Attorney for Plaintiff Hennepin County Attorney's Office*