# Exhibit G

# Federal Investigation Into Shooting of Pretti Appears Limited

A use-of-force review is far different than a criminal investigation of the killing of Alex Pretti by Border Patrol agents in Minneapolis.

 ▶ Listen to this article · 4:16 min   Learn more

  

By Devlin Barrett, Alan Feuer and Hamed Aleaziz

Devlin Barrett and Hamed Aleaziz reported from Washington, and Alan Feuer from New York.

Jan. 26, 2026

The Trump administration appeared to acknowledge on Monday that its investigation into the killing of a Veterans Affairs nurse, Alex Pretti, by federal agents this weekend was limited to a "use of force" review meant to establish whether government employees had violated training standards.

Such a move, disclosed in court filings, would represent a much narrower inquiry focused on tactics and conduct than one that would examine whether federal agents should face criminal charges.

As part of the administration's efforts to block a judge from ordering it to preserve evidence, Mark Zito, who leads the Homeland Security Investigations office in St. Paul, Minnesota, provided the court with a sworn statement that noted that his agency, which belongs to the Department of Homeland Security, is investigating the shooting.

"H.S.I. is the lead investigatory entity reviewing the use-of-force encounter at issue in this case," Mr. Zito's declaration said. "H.S.I. agents tasked with this investigation are required to preserve all evidence collected, including physical

evidence collected by other federal agencies, which are then properly transferred to the custody of H.S.I."

Minnesota state officials have sought a court order to preserve evidence for their own investigation of the killing of Mr. Pretti, who was repeatedly shot by Border Patrol agents on Saturday. The Trump administration is fighting such an order, claiming that it is already preserving the relevant evidence.

The critical terms in Mr. Zito's statement are "use of force" and "reviewing." Among federal law enforcement agencies, a use-of-force review is focused on whether law enforcement personnel followed agency rules and regulations and where and when to use force, and how much force.

That is distinct from a criminal investigation. F.B.I. agents could, for example, investigate to determine if Mr. Pretti's civil rights were violated by federal agents acting under color of law, a crime that carries the possibility of a death sentence.

The F.B.I. could also investigate whether Mr. Pretti assaulted or impeded a federal law enforcement officer, although there is limited practical use to such an investigation, given that Mr. Pretti is dead and cannot be charged.

There is no indication yet that the F.B.I. is doing either. Whatever the Trump administration investigates, their determinations may not be the last word, since there is no statute of limitations on murder.

An F.B.I. spokesman declined to comment. A D.H.S. spokeswoman did not respond to a request for comment.

Court filings suggest that, so far, the F.B.I.'s involvement is limited to assisting the Department of Homeland Security in its use-of-force review. F.B.I. agents arrived quickly on the scene of Mr. Pretti's killing and secured his weapon and his phone.

The F.B.I. has since turned over Mr. Pretti's phone to Immigration and Customs Enforcement, but not his gun, according to Mr. Zito's sworn statement.

"The F.B.I. has not altered or destroyed the collected evidence," an unidentified F.B.I. agent declared in a sworn statement to the court. It also added that the evidence is secure in the F.B.I.'s Minneapolis office and that no one there "has conducted any analysis, examinations, or interpretations of the collected evidence."

The statement does not say whether other F.B.I. personnel, such as forensic experts at their lab in Quantico, Virginia, have examined any evidence, or a digital copy of Mr. Pretti's phone data. "The F.B.I. will continue to preserve the collected evidence in accordance with the F.B.I.'s policies and procedures for evidence retention," it noted. "In no event will any collected evidence be destroyed before resolution of this investigation."

Separately, some of the Border Patrol agents at the scene of the killing were wearing body cameras, and that footage has been retained, according to court filings. Many Border Patrol agents do not wear body cameras, so it is unclear how much footage there may be, or how much can be gleaned from it.

**Devlin Barrett** covers the Justice Department and the F.B.I. for The Times.

**Alan Feuer** covers extremism and political violence for The Times, focusing on the criminal cases involving the Jan. 6 attack on the Capitol and against former President Donald J. Trump.

**Hamed Aleaziz** covers the Department of Homeland Security and immigration policy for The Times.